UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| ALEXANDER SCHRODER PALOMAREZ, <br><br> Plaintiff, <br><br> vs. <br><br> DARIN YOUNG, WARDEN AT STATE PENITENTIARY, INDIVIDUAL CAPACITY; ROTOR, S.I.U. OFFICER AT STATE PENITENTIARY, INDIVIDUAL CAPACITY; UNITED STATES DISTRICT COURT JUDGE AND CLERK, INDIVIDUAL AND OFFICIAL CAPACITY; AND 7TH JUDICIAL CIRCUIT (PENNINGTON COUNTY), JUDGES AND CLERKS, INDIVIDUAL AND OFFICIAL CAPACITY; <br><br> Defendants. | 5:17-CV-05062-CBK <br><br><br> OPINION AND ORDER |

Plaintiff is incarcerated at the South Dakota State Penitentiary. He pleaded guilty to first degree rape and was sentenced in 2013 to 50 years custody. He filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, 5:15-cv-05007-JLV, challenging that conviction and sentence. The petition was denied based upon procedural default.

Plaintiff instituted an action under 42 U.S.C. § 1983 in the Southern Division against Warden Young and others, 4:16-CV-04156-KES, claiming defendants violated his right to access to the courts and access to use the U.S. Postal Service in retaliation for his attempts to give information to the public, the media, and the families concerning the 2011 deaths of two Rapid City police officers. He claimed that he was denied the use of the prison grievance procedures to exhaust his administrative remedies. He contended that defendants' actions interfered with his habeas case and his ability to report the

information he possesses in exchange for relief in his criminal case. Following initial screening, plaintiff moved to dismiss that case, contending that he had filed the § 1983 action in anger because his habeas petition was denied. He stated in his motion to dismiss that he was instead corresponding with the South Dakota Attorney General and the Department of Criminal Investigation concerning his claimed information about the police officer deaths. The motion was granted and that case was dismissed.

Nearly seven months later, plaintiff instituted the instant § 1983 claim, which is nearly identical to the claims made in the previous case.

Soon after filing this § 1983 claim, he filed a second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, 5:17-cv-05070-JLV. A report and recommendation for dismissal based upon lack of subject matter jurisdiction for failure to obtain permission from the Court of Appeals is pending in that case.

Plaintiff filed in this case an application to proceed without the prepayment of the filing fee. Under the Prison Litigation Reform Act, "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Plaintiff must pay the full $350 filing fee notwithstanding whether or not the matter is subsequently dismissed as frivolous after review under 28 U.S.C. § 1915(e)(2). A prisoner must pay, as an initial partial filing fee, 20% of the greater of the average monthly deposits to the prisoner's account or the average monthly balance of the prisoner's account for the last six months. 28 U.S.C. § 1915(b)(1)(A) and (B). The Court finds that plaintiff is required to make an initial partial filing fee of $26.64.

The Prison Litigation Reform Act requires the Court to screen prisoner complaints and dismiss any complaint that is "(1) frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). I am required to give the plaintiff's *pro* se complaint liberal construction and identify any discernable cognizable claim. Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015). I have conducted an initial review as required by § 1915A.

## I. Claims Against Judges and Clerks.

At the outset, plaintiff's claims against the United States District Court Judge and Clerk and the 7th Judicial Circuit Court Judges and Clerks must be dismissed. Plaintiff alleges in his complaint that defendants violated his right to use the U.S. Mail to contact his family members, attorneys, or various law enforcement agencies "who may be able to assist" him with "this matter involving the collusion from the D.C.I., State Penitentiary, U.S. District Court, and Pennington County 7th Judicial Circuit." Plaintiff's complaint is a vague reference to the claimed failure of the state and federal courts to address his claims. As such, he is suing these defendants in their capacity of officers of the court. The doctrine of judicial immunity bars suits against judges performing judicial functions. *See* Mireles v. Waco, 502 U.S. 9, 9, 112 S.Ct. 286, 287, 116 L.Ed.2d 9 (1991). The United States Court of Appeals for the Eighth Circuit has "specifically held that clerks of court are entitled to immunity the same as judges." Davis v. McAteer, 431 F.2d 81, 82 (8th Cir. 1970). Further, any claims against state court judges or clerks are barred by the Rooker-Feldman doctrine. Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983), Edwards v. City of Jonesboro, 645 F.3d 1014, 1018 (8th Cir. 2011).

## II. Claims Against Prison Officials.

Plaintiff alleges that the prison official defendants interfered with his regular U.S. Mail, preventing him from disseminating information concerning the death of two police officers killed in the line of duty. Prisoners have a First Amendment right to send and receive mail, subject to inspection and censorship to protect legitimate governmental interests. Thongvanh v. Thalacker, 17 F.3d 256, 258 (8th Cir. 1994), Wolff v. McDonnell, 418 U.S. 539, 575, 94 S.Ct. 2963, 2984, 41 L.Ed.2d 935 (1974).

Plaintiff further claims that defendants interfered with his legal mail. In order to protect an inmate's Sixth Amendment right to counsel and state law attorney-client privilege, the law may require that confidential legal mail must be opened in the presence of the prisoner and only inspected for the presence of contraband. Harrod v. Halford, 773 F.2d 234, 235 (8th Cir. 1985). Plaintiff's

3

claims as to interference with his legal mail are in the nature of claims that defendants have interfered with his access to the courts. "Prisoners have a constitutional right of access to the courts." Bounds v. Smith, 430 U.S. 817, 821, 97 S. Ct. 1491, 1494, 52 L. Ed. 2d 72 (U.S. 1977). "The right of access to the courts is satisfied if the prisoner has 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'" Zink v. Lombardi, 783 F.3d 1089, 1108 (8th Cir. 2015) (*quoting* Lewis v. Casey, 518 U.S. 343, 356, 116 S.Ct. 2174, 2182, 135 L.Ed.2d 606 (1996)).

At the outset, a prisoner claiming a violation of the right to access the courts must allege standing, that is, an actual injury. White v. Kautzky, 494 F.3d 677, 680 (8th Cir. 2007). Plaintiff must show "the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *Id.* In other words, plaintiff must allege "that a nonfrivolous legal claim had been frustrated or was being impeded." *Id.* Plaintiff has failed to allege that the interference with his mail interfered with him bringing a meritorious legal claim. What he claims is that prison officials have interfered with his ability to disseminate the information he has concerning the death of two police officers. That is not sufficient to state a claim for violation of the right to access the courts.

Part of plaintiff's requested relief in this matter is "do not let me die in here." In other words, he is requesting relief as to the length of his incarceration. The exclusive remedy for a state prisoner seeking to attack the fact or length of his custody is an action pursuant to 28 U.S.C. § 2254. In the papers filed since the complaint, plaintiff contends that he pleaded guilty to a crime he did not commit, that he was promised extreme leniency, that he is in prison because prison officials, law enforcement, and the courts are all colluding to prevent him from disseminating his information to deceased police officers' families, that he was working with law enforcement as to the underlying facts surrounding the deaths of the two police officers, that he is innocent, that he has exculpatory evidence, and that defendants are colluding to violate his Constitutional rights to

prevent him from proving his innocence, getting out of prison, and telling his story. Any claims relating to the validity of his plea or the length of his incarceration cannot be litigated in a civil rights action.

## III. Plaintiff's Request to Dismiss.

Plaintiff filed a motion for the appointment of counsel. He thereafter filed a declaration stating "I am requesting if counsel is not provided, I ask this court to deny my petition, regardless of the validity of my claims."

Now therefore,

IT IS ORDERED:

1. Plaintiff's application, Doc 2, to proceed without the prepayment of the filing fee is granted.

2. Plaintiff shall pay an initial filing fee in the amount of $26.65 to the Clerk of the U.S. District Court.

3. Whenever the amount in plaintiff's trust account exceeds $10.00, the institution having custody of the plaintiff is hereby directed to forward monthly payments that equal 20% of the funds credited the preceding month to the plaintiff's trust account to the U.S. District Court Clerk's office pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 filing fee is paid in full.

4. Plaintiff's claims against the United States District Judges and Clerks and the 7th Judicial Circuit Judges and Clerks are dismissed under the doctrine of judicial immunity.

5. Plaintiff's motion, Doc. 6, to appoint counsel is denied.

6. Plaintiff's motion, Doc. 7, to dismiss his claims is granted.

7. Pursuant to 28 U.S.C. § 1915 and Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997), plaintiff is notified that, if he decides to appeal this order of dismissal to the United States Court of Appeals for the Eighth Circuit:

> (a) The filing of a notice of appeal from this order by plaintiff, a prisoner, makes the prisoner liable for payment of the full $455 appellate filing fees regardless of the outcome of the appeal.

(b) By filing a notice of appeal the prisoner consents to the deduction of the initial partial appellate filing fee and the remaining installments from the prisoner's prison account by prison officials.

(c) Plaintiff, a prisoner, must submit to the clerk of the district court a certified copy of the prisoner's prison account for the last six months within 30 days of filing any notice of appeal.

(d) Failure to file the prison account information will result in the assessment of an initial appellate partial fee of $35 or such other amount that is reasonable, based on whatever information the court has about the prisoner's finances.

DATED this 3rd day of January, 2018.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge